# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50904
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIPE PATRICIO-PIOQUINTO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2342-2

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:*

Following a jury trial, Felipe Patricio-Pioquinto was convicted of conspiracy to transport illegal aliens and sentenced to 120 months' imprisonment. In maintaining, as he did in district court, that it erred by imposing a ten-level sentencing enhancement based on the death of an alien during one of the smuggling trips, Patricio claims: he was not the guide during

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the trip in issue; and it was not reasonably foreseeable that his co-conspirator would recklessly endanger the life of one of the aliens.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Even though Patricio was not present at the time of the alien's death, the actions of his co-conspirator were properly attributed to him for sentencing purposes. U.S.S.G. § 1B1.3(a)(1)(B) (stating relevant conduct to determine guideline range adjustments includes "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity"); *United States v. De Jesus-Ojeda,* 515 F.3d 434, 443-44 (5th Cir. 2008). In that regard, our court has rejected a similar argument that a co-conspirator's conduct was so reckless or negligent that it was not reasonably foreseeable. *See De Jesus-Ojeda,* 515 F.3d at 442-43. In light of the testimony that Patricio personally guided aliens under similarly hazardous circumstances, the district court did not clearly err in finding it was reasonably foreseeable to Patricio that his co-defendant would do the same. § 1B1.3(a)(1)(B); *De Jesus-Ojeda,* 515 F.3d at 442-44. Finally, we decline to consider Patricio's claim there was no evidence that the alien became ill during the smuggling operation because it is inadequately briefed. Fed. R. App. P. 28(a)(8); *United States v. Scroggins,* 599 F.3d 433, 446-47 (5th Cir. 2010).

AFFIRMED.